

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA CAPALBO, personal representative of Carol Cosentino and guardian ad litem for D.B. and V.B.; RONALD L. BOURS; D.B., by and through his guardian ad litem Linda Capalbo, individually and as a successor in interest to Steven Bours; V.B., by and through his guardian ad litem Linda Capalbo, individually and as a successor in interest to Steven Bours; STEVEN M. BOURS, The Estate, <br><br> Plaintiffs - Appellants, <br><br> V. <br><br> CHRISTOPHER KURTZ; RICK ESTEVES; JASON KLEVOS, Chief of Police; DOWNEY POLICE DEPARTMENT, a governmental entity; CITY OF DOWNEY, a governmental entity, <br><br> Defendants - Appellees. | No. 13-55642 <br><br> D.C. No. 2:11-cv-03206-GAF-SS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Gary A. Feess, District Judge, Presiding

Argued and Submitted November 6, 2015
Pasadena, California

Before: FARRIS, TROTT, and BYBEE, Circuit Judges.

The plaintiffs, including the Estate of Steven M. Bours, sued the defendants pursuant to 42 U.S.C. § 1983 for excessive force, under California law for wrongful death, and for an alleged violation of Cal. Civ. Code § 52.1, unlawful interference with a person's constitutional rights. The district court disposed of all claims either by way of stipulation, partial judgments on the pleadings, or, in the case of their section 1983 claim, summary judgment. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review de novo, and we affirm.

In excessive force cases, the inquiry is whether the officers' use of force was objectively reasonable under the totality of the circumstances. Graham v. Connor, 490 U.S. 386, 396 (1989). Of the Graham factors, the "single most important element" is whether the suspect posed an immediate threat to the safety of officers or others. Smith v. City of Hemet, 394 F.3d 689, 702 (9th Cir. 2005).

The district court accurately summed up the events generating this case. The central facts were recorded by the officers' dashboard video camera. The undisputable facts are as follows.

Bours, under the influence of amphetamine/methamphetamine and wielding an axe, was walking northbound in the middle of the southbound lanes of Paramount Boulevard at about 6:30 p.m. on March 20, 2010. The street was lined with businesses, homes, vehicles, and people. Bours's activity was so alarming that numerous individuals called 911 to report it. With guns drawn, the responding officers identified themselves as police, shielded themselves behind their stationary vehicle doors as he approached them, and repeatedly shouted at Bours to drop his axe. In the video, the red and blue emergency lights of the officers' vehicle were so bright that their reflection can be seen on Bours's shirt as he walked directly up to the hood of their unit. Bours quickly approached, paused briefly in front of the police vehicle, and then walked around it while the officers continued to yell "drop the axe" and "drop it." Nineteen times the officers shouted these warning commands at Bours. He failed to respond. Though Bours walked out of the dashboard camera view, it is undisputed that he fell in the spot he was standing when he was shot 1.4 seconds later—close to the vehicle, past the passenger-side

door, and closer to the officers than when he rounded the unit's front with his axe in hand. The entire interaction lasted twenty-one seconds.

The plaintiffs ask us to infer that Bours was walking away from the officers and towards the curb when they shot him. The record belies such an inference, rendering it unreasonable and thus insufficient to create a triable issue of fact or produce a viable verdict in their favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). Reviewing the facts in the light most favorable to the plaintiffs, it is indisputable that the officers' conduct was objectively reasonable because Bours posed an immediate threat to both the safety of the officers and bystanders on the street. See e.g., Blanford v. Sacramento Cty., 406 F.3d 1110, 1116–18 (9th Cir. 2005) (finding that officers' use of lethal force was reasonable where suspect was carrying a sword in a residential neighborhood, walking away from the officers and attempting to enter a private backyard, and ignoring officers' repeated commands to stop).

Contrary to the plaintiffs' assertions, the district court did not ignore the law and the rules governing summary judgment. The court's discussion of the facts and inferences to be drawn from them was no more than an explanation of why as a matter of law the plaintiffs have no actionable case.

Accordingly, the district court's grants of judgment on the pleadings and summary judgment in favor of the defendants on the federal and state claims was appropriate.

AFFIRMED.

<u>Capalbo, et al v. Kurtz, et al</u>, No. 13-55642

TROTT, Circuit Judge, concurring in the judgment:

The complaint filed by plaintiffs' attorney Jeff Dominic Price accuses the defendants Kurtz and Klevos of conspiring with premeditation to kill Steven Bours by provoking him into a duel so that they could use deadly force against him. The complaint also accuses the officers of agreeing among themselves and with others to "fabricate police reports, to make false statements to other police officers, to attempt to fabricate reasonable suspicion and probable cause, to suppress exculpatory evidence, to commit perjury, and to present planted evidence, having as their goal the concealment of the truth . . ." as part of the conspiracy. According to the complaint, Klevos and Kurtz then "executed the plan by firing eight (8) bullets . . . into the body of Steven Bours . . . ."

In the language of Rule 11(b)(3) of the Federal Rules of Civil Procedure, these factual contentions had and have no evidentiary support whatsoever. Moreover, these attention-seeking allegations were not "likely [to] have evidentiary support . . . after a reasonable opportunity for further investigation or discovery . . . ." This complaint was drafted and filed without a reasonable inquiry into the facts and for abusive and defamatory purposes.

A license to practice law is not a license to smear and to vilify anyone, and that is what this complaint was. Counsel's heated defense at oral argument of his

complaint simply compounded this unprofessional conduct. Mr. Price's clients can take solace, however, in a standard principle adhered to by our courts: The sins of an attorney are never visited upon the clients.